An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

THE WARDEN, NEVADA STATE PRISON,
Appellant,
vs.
JOSEPH BERNARD KELLY,
Respondent.

No. 65600

FILED

NOV 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order granting, in part, respondent Joseph Bernard Kelly's post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

The State contends that the district court erred by granting Kelly's claim of ineffective assistance of counsel.[1] To demonstrate ineffective assistance of counsel sufficient to invalidate a guilty plea, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness, and but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be

---

[1]The district court dismissed the remainder of Kelly's claims. We conclude that the district court did not err by dismissing those claims and we affirm that portion of the order. *See Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37220

shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader*, 121 Nev. at 686, 120 P.3d at 1166.

Throughout April 2009, Kelly robbed several businesses using what appeared to be a firearm. After his last robbery, an "airsoft" gun was found in his possession. Pursuant to negotiations, Kelly pleaded guilty to two counts of robbery with the use of a deadly weapon and one count of attempted robbery with the use of a deadly weapon. Later, he filed a post-conviction petition, wherein he alleged that the airsoft gun did not constitute a deadly weapon pursuant to NRS 193.165(6) and therefore counsel was ineffective for advising him to plead guilty. The district court conducted an evidentiary hearing and Kelly presented no evidence regarding the gun's capabilities; however, the State presented expert testimony that the gun was capable of expelling a metallic projectile by means of spring, gas, or air, and therefore met the definition of a deadly weapon. *See* NRS 193.165(6)(c) (a deadly weapon includes the weapons identified in NRS 202.265); NRS 202.265(5)(b) (listing a firearm as a weapon, and defining firearm as "any device from which a metallic projectile, including any ball bearing or pellet, may be expelled by means of spring, gas, air or other force"). Kelly's former counsel testified that, at first, he did not believe the gun constituted a deadly weapon, but after researching its capabilities online, talking to the prosecutor, and reading the relevant caselaw, he concluded otherwise.

Based upon the testimony presented at the evidentiary hearing, the district court concluded that the airsoft gun constituted a deadly weapon for the purposes of NRS 193.165(6). However, the district

 

court concluded that counsel was deficient because he did not adequately investigate the gun's capabilities before advising Kelly to plead guilty. The district court also concluded that Kelly was prejudiced because "he received consecutive sentences that he otherwise would not have received if the investigation had determined that the airsoft gun did not meet statutory requirements."

We conclude that the district court erred. Even assuming that counsel was deficient and should have undertaken additional investigation before advising Kelly to plead guilty, Kelly failed to demonstrate that further investigation would have revealed information that would have caused him to reject the plea. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). In fact, the record demonstrates that any further investigation would only have confirmed that the gun constituted a deadly weapon, as the district court itself concluded. The district court applied an incorrect test for prejudice because the relevant inquiry was not whether counsel's deficiency could have altered the possible sentence. Rather, the appropriate test was whether, absent counsel's deficiency, there was a reasonable probability that Kelly would have rejected the plea and proceeded to trial. *See Hill*, 474 U.S. at 58-59. Because Kelly pleaded guilty based upon counsel's advice that the airsoft gun constituted a deadly weapon, and additional investigation would have confirmed that the gun constituted a deadly weapon, Kelly failed to demonstrate that he would have rejected the plea. We conclude that the district court erred by concluding that Kelly demonstrated prejudice. And to the extent that the district court's order can be read to conclude that counsel's performance resulted in an unknowing plea, we conclude that the district court abused its discretion. *See Rubio v. State,* 124 Nev. 1032, 1038, 194 P.3d 1224,

1228 (2008) ("A guilty plea is knowing and voluntary if the defendant has a full understanding of both the nature of the charges and the direct consequences arising from a plea of guilty." (internal quotation marks and emphasis omitted)). Accordingly, we[2]

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Patrick Flanagan, District Judge
       Attorney General/Carson City
       Washoe County District Attorney
       Jeffrey S. Blanck
       Washoe District Court Clerk

---

[2]Because we conclude that the district court erred by granting Kelly's petition in part, we need not consider the remainder of the State's assertions. The fast track response fails to comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because it is not double-spaced. Counsel for Kelly is cautioned that the failure to comply with this court's briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).